UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EXZAVER DENNIS AUSTIN,

Petitioner,

v.

PATRICK COVELLO,

Respondent.

No. 2:22-cv-01033-WBS-EFB (HC)

FINDINGS AND RECOMMENDATIONS

Petitioner is a state prisoner proceeding without counsel in this petition for writ of habeas corpus under 28 U.S.C. § 2254. Respondent moves to dismiss the petition as untimely. ECF No. 13. As discussed below, the petition is untimely, and the motion must be granted.

**I. Background**

At the time of filing, petitioner was incarcerated at Mule Creek State Prison. ECF No. 1. In 2015, he was convicted of two counts of first-degree burglary and one count of attempted first-degree burglary in San Joaquin County Superior Court. ECF No. 15-1. The trial court also found true numerous sentencing enhancements. *Id.* Petitioner was sentenced in 2017 to an indeterminate state prison term of eighty-five years to life. *Id.* The state appellate court affirmed the convictions and sentences on August 14, 2018 (ECF No. 15-2), and after granting the petition for review, the California Supreme Court directed the state appellate court to vacate its opinion and to reconsider it in light of Senate Bill 1393. ECF Nos. 15-3 & 15-4.

The state appellate court subsequently remanded the matter to the trial court to exercise its discretion to strike sentencing enhancements under Senate Bill 1393. ECF. No. 15-5. The trial court declined to strike the sentencing enhancements on August 12, 2019. ECF No. 15-8. Petitioner did not appeal this decision but subsequently filed eight post-conviction collateral actions challenging the judgment against him. ECF Nos. 15-9 through 15-23.

Petitioner filed this action on June 10, 2022. ECF No. 1.

## II. The Limitations Period

Under the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), a one-year limitations period for seeking federal habeas relief begins to run from the latest of: (1) the date the judgment became final on direct review or the expiration of the time for seeking such review (or April 25, 1996, if the judgment became final prior to AEDPA's enactment), (2) the date on which a state-created impediment to filing is removed, (3) the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review, or (4) the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D); *Malcom v. Payne*, 281 F.3d 951, 955 (9th Cir. 2002).

### a. Statutory Tolling

No statute tolls the limitations period "from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenge is filed. . . . " *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). However, if a petitioner properly files a state post-conviction application prior to the expiration of the limitations period, the period is tolled and remains tolled for the entire time that application is "pending." 28 U.S.C. § 2244(d)(2). A federal habeas application does not provide a basis for statutory tolling, *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), nor does a state petition filed after the federal limitations period has expired. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

/////

/////

/////

/////

**b. Equitable Tolling**

The limitations period may also be equitably tolled where a habeas petitioner establishes two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631 (2010). Petitioner has the burden of showing facts entitling him to equitable tolling. *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002); *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002). The threshold necessary to trigger equitable tolling is very high, "lest the exceptions swallow the rule." *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009). Equitable tolling may be applied only where a petitioner shows that some external force caused the untimeliness. *Id*.

**c. The Equitable Exception for Innocence**

In addition, the statute of limitations is subject to an actual innocence exception.[1] A petitioner may have her untimely filed case heard on the merits if she can persuade the district court that it is more likely than not that no reasonable juror would have convicted her. *McQuiggin v. Perkins*, 569 U.S. 383, 386-87, 394-95 (2013); *Lee v. Lampert*, 653 F.3d 929, 937 (9th Cir. 2011) (en banc). "Unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing." *McQuiggin*, 569 U.S. at 399. For example, the "court may consider how the timing of the submission and the likely credibility of a petitioner's affiants bear on the probable reliability" of his evidence of innocence. *Id*.

**III. Analysis**

Respondent moves to dismiss the petition on the ground that it is untimely under AEDPA. For the reasons that follow, the undersigned agrees.

/////

/////

[1] This exception is also known variably as the "miscarriage of justice" exception and the "*Schlup* gateway," after *Schlup v. Delo*, 513 U.S. 298 (1995), in which the U.S. Supreme Court held that a habeas petitioner whose claims were procedurally barred could nevertheless obtain a determination on the merits of his petition if he made the requisite showing of actual innocence.

**a. Statutory Tolling**

Petitioner does not argue he is eligible for statutory tolling, and a review of his state filings confirms that he is not. The limitations period began to run on October 12, 2019, the day after petitioner's opportunity to seek direct review in the California Supreme Court expired. 28 U.S.C. § 2244(d)(1)(A). Absent tolling, the limitations period expired on October 11, 2020. This period, however, does not include days during which a "properly filed" state habeas petition was pending. 28 U.S.C. § 2244(d)(2).

Petitioner's fourth through eighth state petitions were filed after the limitations period had concluded. ECF Nos. 15-15 (filed May 24, 2021) through 15-23 (filed March 21, 2022). State petitions filed after the expiration of the federal limitations period cannot toll the limitations period. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

As to the earlier state petitions, 173 days of the limitations period expired between the date petitioner's direct review became final on October 11, 2019 and the filing of his first state habeas petition on April 2, 2020. ECF Nos. 15-8 and 15-9. The limitations period was tolled between the filing of petitioner's first state petition and its denial on April 27, 2020 (ECF Nos. 15-9 and 15-10), a period of 26 days, and began to run again until petitioner filed his second state petition on May 6, 2020. ECF No. 15-11.

The limitations period began to toll again after petitioner filed his second state petition on May 6, 2020 (ECF No. 15-11) and ceased tolling after petitioner's third state petition was denied on September 3, 2020, a total of 121 days. ECF No. 15-14.[2] After his third state petition, however, petitioner was no longer entitled to any tolling, and his federal petition was due by March 7, 2021. Petitioner did not file his federal petition until June 10, 2022; accordingly, he exceeded the one year allowed under 28 U.S.C. § 2244(d) by fifteen months, and he is not entitled to statutory tolling.

/////

[2] Petitioner's third state petition was filed two weeks after his second state petition, apparently to correct a deficiency in his second state petition. ECF Nos. 15-12 and 15-13. Continuous tolling between successive petitions is permitted where the later petition seeks to correct the earlier petition within a reasonable time. *See Banjo v. Ayers*, 614 F.3d 964, 969 (9th Cir. 2010).

**b. Equitable Tolling**

Petitioner argues that he is entitled to equitable tolling because he was mentally impaired during the limitations period. ECF No. 21. Specifically, he maintains that in addition to being born addicted to crack cocaine and heroin, he has attention deficit hyperactive disorder (ADHD), post-traumatic stress disorder (PTSD), major depressive disorder, and insomnia. ECF No. 21 at 1-3, 6. Petitioner also states that he does not write well, reads at a third-grade level, and relied on an attorney or jailhouse assistant to prepare his filings. *Id.* According to petitioner, these alleged deficits constituted extraordinary circumstances that rendered it impossible for him to file a timely petition. *Id.* at 3.

A petitioner is entitled to equitable tolling only if he shows: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland*, 560 U.S. at 648-50. Mental impairment can constitute an extraordinary circumstance. *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010). To demonstrate mental impairment was an extraordinary circumstance, the petitioner must show that he "was unable rationally or factually to personally understand the need to timely file" or his "mental state rendered him unable personally to prepare a habeas petition and effectuate its filing." *Id*. at 1099-1100. To demonstrate diligence, the petitioner must show that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance. *Id.* (explaining that tolling may be justified where mental impairment "interferes with the ability to understand the need for assistance, the ability to secure it, or the ability to cooperate with or monitor assistance the petitioner does secure.").

The *Bills* court established a four-part inquiry for the district court to evaluate whether a petitioner is entitled to equitable tolling. The court must:

> (1) find the petitioner has made a non-frivolous showing that he had a severe mental impairment during the filing period that would entitle him to an evidentiary hearing; (2) determine, after considering the record, whether the petitioner satisfied his burden that he was in fact mentally impaired; (3) determine whether the petitioner's mental impairment made it impossible to timely file on his own; and (4) consider whether the circumstances demonstrate the petitioner was otherwise diligent in attempting to comply with the filing requirements.

*Id.* at 1100-01.

Here, petitioner has not established that he suffered from a severe mental impairment during the filing period. The relevant time frame for the purpose of equitable tolling is October 12, 2019 (when the limitations period commenced), through March 7, 2021 (when the limitations period expired after the statutory tolling for the pendency of petitioner's first three state habeas petitions). ECF No. 13. In support of his claim, petitioner has submitted an ADA/Effective Communication Patient Summary stating that as of May 26, 2021, petitioner read at a third-grade level. ECF No. 21 at 8. In addition, petitioner has submitted a declaration from an inmate assistant dated October 29, 2022 stating that he met petitioner on July 28, 2022 and that, in his opinion, petitioner could not read or write well enough to complete an answer to a motion to dismiss, and that petitioner worked diligently to preserve his rights. *Id.* at 6.

These documents do not establish that, during the relevant time, petitioner "was unable rationally or factually to personally understand the need to timely file" or that his "mental state rendered him unable personally to prepare a habeas petition and effectuate its filing." *Bills*, 628 F.3d at 1099-1100. To begin with, neither one specifically addresses the pertinent time period, including what specific challenges petitioner faced during that time period and what efforts he did or did not take to timely challenge his conviction. Indeed, the inmate assistant did not even meet petitioner until after petitioner had already filed his federal petition on June 10, 2022. ECF No. 1. Petitioner's conclusory statements that he was mentally impaired during the relevant time period are not supported by the documentation that he has submitted; nor does the documentation demonstrate that petitioner was otherwise diligent in attempting to comply with the filing requirements during the relevant time period. *Bills*, 628 F.3d at 1100-01.

Moreover, respondent has submitted documentation from the relevant time period (August 2019 through March 2021) which tends to refute petitioner's claims that he was so mentally impaired that he was unable to timely file his petition on his own or with assistance. ECF Nos. 28-1 through 28-15.[3] For example, the records show that petitioner was diagnosed

[3] These documents include petitioner's mental health and effective communication records from California Correctional Health Care Services.

with an adjustment disorder during the relevant time period, and do not list the other mental health diagnoses petitioner claims in his pleading. *See, e.g.* ECF Nos. 28-1 at 2; 28-2 at 3, 8, 19; 28-4 at 1; 28-5 at 9, 11, 16, 25, 27, 33, 36, 39. In fact, as of August 26, 2019, petitioner's mental health was described as "stable" and his mental status was described as follows:

> Eye contact is good and consistent and direct. Speech is conversational, well articulated [] within normal limited rate, prosody, tone, and volume. The IP [petitioner] is oriented to all 4 spheres with average cognitive function by estimation. IP is engage[d] and cooperative in session. . . . Insight and judgment are fair. Thought process is linear and logical, reports no auditory or visual hallucinations. Thought content is goal, present, and future oriented. . . . Long, short, and sensory memory are intact.

ECF No. 28-4 at 1.[4] Petitioner also stated that he read the Bible. *Id.* at 28-2 at 3.

In addition, petitioner's litigation history refutes any contention that petitioner did not understand the need to timely file or that he was unable to prepare a petition and effectuate its filing. *See Washington v. Virga,* 2011 WL 3847134, *3 (E.D. Cal. 2011). Petitioner filed eight state habeas petitions, including three during the limitations period. ECF No. 13 at 2-3. This undercuts any claim that petitioner's mental state was so impaired he could not timely pursue his legal remedies or secure access to assistance to do so. Petitioner's documented mental issues, alone, are not extraordinary circumstances, and do not excuse petitioner from pursuing his rights diligently. *Bills*, 628 F.3d at 1100 (finding petitioner "always remains accountable for diligence in pursuing his or her rights."). Accordingly, petitioner is not entitled to equitable tolling, and no additional evidentiary development is required. *See Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. (2010) (finding that "[w]here the record is amply developed, and where it indicates that the petitioner's mental incompetence was not so severe as to cause the untimely filing of his habeas petition, a district court is not obligated to hold evidentiary hearings to further develop the factual record, notwithstanding a petitioner's allegations of mental incompetence.").

/////

[4] Petitioner did report increased anxiety and depression in March 2020, but had improved by the following month. ECF Nos. 5-6. Regardless, increased anxiety and depression do not rise to the level of a mental impairment that would render petitioner "unable rationally or factually to personally understand the need to timely file" or "unable personally to prepare a habeas petition and effectuate its filing." *Bills*, 628 F.3d 1092 at 1099-1100.

**c. The Equitable Exception for Innocence**

In his opposition, petitioner argues that the limitations period is no bar to his petition due to "newly presented evidence" and his actual innocence of the many crimes for which he was convicted. To the extent that petitioner argues that "newly presented evidence" should justify a later limitations period start-date under section 2244(d)(1)(D), his argument fails because the evidence on which he relies (a deathbed confession of his wife Keona Carter) was in his possession by April 2016. ECF No. 1 at 19-30. Moreover, it was presented to – and specifically addressed by – the trial court in a new trial motion prior to sentencing. ECF No. 15-29 at 185-192. Accordingly, the evidence upon which petitioner relies is not newly-discovered.

Petitioner's actual innocence claim is equally unavailing. The innocence exception is demanding and thus seldom met. *McQuiggin,* 569 U.S. at 401; *Stewart v. Cate*, 757 F.3d 929, 938 (9th Cir. 2014) (describing the standard governing the exception as "exacting" and setting "an extremely high hurdle" for the habeas petitioner). It requires the petitioner to support his claim of innocence with new reliable evidence that was not presented at trial. *Lee*, 653 F.3d at 938. The sole evidence of innocence petitioner presents here – in addition to not being newly-discovered – does not meet this high threshold. For example, the jurors could have found that petitioner's wife might have been biased on petitioner's behalf, and discredited her deathbed confession. In addition, there was substantial eyewitness and other evidence implicating petitioner. ECF Nos. 26 & 27. Accordingly, petitioner cannot demonstrate "that it is more likely than not that no reasonable juror would have convicted him." *McQuiggin*, 569 U.S. at 386-87. He is therefore not entitled to the equitable exception for innocence. Because the petition is untimely, it must be dismissed.

/////

/////

/////

/////

/////

/////

**IV. Recommendation**

For the foregoing reasons it is RECOMMENDED that respondent's August 15, 2022 motion to dismiss (ECF No. 13) be granted, and that the Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: July 10, 2023.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE